**Opinion issued December 19, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00598-CR

———————————

**CHRISTOPHER THOMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Court Cause No. 08-03042**

---

## MEMORANDUM OPINION

Appellant, Christopher Thomas, pleaded guilty, with an agreed recommendation from the State, to the offense of aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02 (West 2011). In accordance with appellant's plea agreement with the State, the trial court found sufficient evidence to find appellant

guilty, but deferred making any finding regarding appellant's guilt and placed appellant on community supervision for a period of ten years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West Supp. 2013). The State then filed a motion to adjudicate appellant's guilt. *See id.* §§ 5(b), 21(e). Appellant pleaded true to one alleged violation of the terms of his community supervision. After a hearing, the trial court found one alleged violation true, adjudicated appellant guilty, and sentenced appellant to twenty-five years' confinement. *See id.* §§ 5(b), 21(b-2), 23. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has also informed us that he delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

In his pro se response, appellant asserted that the indictment in the underlying proceeding did not contain an enhancement paragraph and that aggravated assault is a class B felony.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (same). Appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We note that the trial court's written judgment imposes $825.98 in restitution. The record shows, however, that restitution was not part of the trial court's oral pronouncement of appellant's sentence.

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *See Wells v. State*, No. 12-11-00327-CR, 2012 WL 4107321, at \*2 (Tex. App.—Tyler Sept. 19, 2012, no pet.) (mem. op., not designated for publication). Thus, "when there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998); *see also Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Because restitution is punishment, it must be included in the oral pronouncement of sentence to be valid. *See Wells*, 2012 WL 4107321, at \*2; *see also Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) ("We have held that restitution is punishment . . . ."). When, as here, the trial court did not include restitution in its oral pronouncement of appellant's sentence, the court cannot assess restitution in its written judgment. *See id.* (in *Anders* appeal, modifying judgment to delete payment of $1000 as restitution).

Further, the State has advised the Court that there appears to be a clerical error on page 2 of the judgment that assesses a $500.00 fine against appellant. The record shows, however, that the fine was not part of the trial court's pronouncement of appellant's sentence. An appellate court that has the necessary information before it may correct a trial court's written judgment, including a

4

judgment adjudicating guilt after revocation of deferred adjudication community supervision, to delete the imposition of a fine not included in the oral pronouncement. *See Taylor*, 131 S.W.3d at 500–02; *see also Smith v. State*, No. 02-11-00295-CR, 2012 WL 2036467, at \*2 (Tex. App.—Fort Worth June 7, 2012, no pet.) (in *Anders* appeal, modifying judgment adjudicating guilt after revocation of deferred adjudication community supervision so that it conformed with trial court's oral pronouncement).

Accordingly, we modify the trial court's judgment to delete the imposition of $825.98 in restitution and any imposition of a $500.00 fine. We affirm the judgment of the trial court as modified and grant counsel's motion to withdraw.[1] Attorney David W. Barlow must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).